## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Amy Elizabeth Krekelberg,

           Plaintiff,

v.

Anoka County; City of Coon Rapids; City
of Minneapolis; Minneapolis Park &
Recreation Board; City of Roseville; City
of St. Paul; James Psyck, acting in his
individual capacity as a Deputy of the
Anoka County Sheriff's Department;
Travis Wold, acting in his individual
capacity as a Deputy of the Anoka County
Sheriff's Department; Taylor Arneson,
acting in his or her individual capacity as
an Officer of the Coon Rapids Police
Department; Paul Frakie, acting in his
individual capacity as an Officer of the
Coon Rapids Police Department; Jarrod H.
Guy, acting in her individual capacity as an
Officer of the Coon Rapids Police
Department; Cameron Clark Gustafson,
acting in his individual capacity as an
Officer of the Coon Rapids Police
Department; Robert Goodsell, acting in his
individual capacity as an Officer of the
Minneapolis Park and Recreation Board
Police Department; Keith Rowland, acting
in his individual capacity as an Officer of
the Minneapolis Park and Recreation Board
Police Department; Mark Swanson, acting
in his individual capacity as an Officer of
the Minneapolis Park and Recreation Board
Police Department; John Wurm, in his
individual capacity as a Park Patrol Agent
of the Minneapolis Park and Recreation
Board Police Department; Philip
Alejandrino, acting in his individual

Civil No. 13-3562 (DWF/TNL)

## MEMORANDUM
## OPINION AND ORDER

capacity as an Officer of the Minneapolis
Police Department; Gilles Antaya, acting in
his individual capacity as an Officer of the
Minneapolis Police Department; Tyrone
Barze, acting in his individual capacity as
an Officer of the Minneapolis Police
Department; Troy Carlson, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Aaron
Collins, acting in his individual capacity as
an Officer of the Minneapolis Police
Department; Brian Cummings, acting in his
individual capacity as an Officer of the
Minneapolis Police Department;
Christopher Cushenbery, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Mark
Durand, acting in his individual capacity as
an Officer of the Minneapolis Police
Department; David Elliott, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Andrew
Enriquez, acting in his individual capacity
as an Officer of the Minneapolis Police
Department; Carlos Baires Escobar, acting
in his individual capacity as an Officer of
the Minneapolis Police Department; Eric
Faulconer, acting in his individual capacity
as an Officer of the Minneapolis Police
Department; Mark Gasior, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Scott
Grabowski, acting in his individual
capacity as an Officer of the Minneapolis
Police Department; Dennis Hamilton,
acting in his individual capacity as an
Officer of the Minneapolis Police
Department; Richard Hand, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Joseph
Haspert, acting in his individual capacity as
an Officer of the Minneapolis Police
Department; Anna Hedberg, acting in her

individual capacity as an Officer of the Minneapolis Police Department; Thomas Hendrickson, acting in his individual capacity as an Officer of the Minneapolis Police Department; Roland Hillstrom, acting in his individual capacity as an Officer of the Minneapolis Police Department; David Honican, acting in his individual capacity as an Officer of the Minneapolis Police Department; Daniel Horn, acting in his individual capacity as an Officer of the Minneapolis Police Department; Christopher House, acting in his individual capacity as an Officer of the Minneapolis Police Department; Robert Illestschko, acting in his individual capacity as an Officer of the Minneapolis Police Department; Kurt Indehar, acting in his individual capacity as an Officer of the Minneapolis Police Department; Bruce Johnson, acting in his individual capacity as an Officer of the Minneapolis Police Department; Heather Jorges, acting in her individual capacity as an Officer of the Minneapolis Police Department; Kristopher Kramer, acting in his individual capacity as an Officer of the Minneapolis Police Department; Robert Krebs, acting in his individual capacity as an Officer of the Minneapolis Police Department; Dennis Kreft, acting in his individual capacity as an Officer of the Minneapolis Police Department; Jennifer Lazarchic, acting in her individual capacity as an Officer of the Minneapolis Police Department; Alan Liotta, acting in his individual capacity as an Officer of the Minneapolis Police Department; Thomas Lopez, acting in his individual capacity as an Officer of the Minneapolis Police Department; Oscar Macias, acting in his individual capacity as an Officer of the Minneapolis Police Department; Timothy Mattson, acting in

3

his individual capacity as an Officer of the
Minneapolis Police Department; Matthew
McLean, acting in his individual capacity
as an Officer of the Minneapolis Police
Department; Johnny Mercil, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Sherral
Miller, acting in her individual capacity as
an Officer of the Minneapolis Police
Department; Jamiel Mohammud, acting in
his individual capacity as an Officer of the
Minneapolis Police Department; Beth
Mota, acting in her individual capacity as
an Officer of the Minneapolis Police
Department; Blake Moua, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; David
Neil, acting in his individual capacity as an
Officer of the Minneapolis Police
Department; Matthew Olson, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; George
Peltz, acting in his individual capacity as an
Officer of the Minneapolis Police
Department; Lucas Peterson, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Michael
Pfaff, acting in his individual capacity as an
Officer of the Minneapolis Police
Department; Patrick Reuben, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Bryce
Robinson, acting in his individual capacity
as an Officer of the Minneapolis Police
Department; Antonio SanRoman, acting in
his individual capacity as an Officer of the
Minneapolis Police Department; Todd
Sauvageau, acting in his individual
capacity as an Officer of the Minneapolis
Police Department; Jarrod Silva, acting in
his individual capacity as an Officer of the
Minneapolis Police Department; John
Staufenberg, acting in his individual

4

capacity as an Officer of the Minneapolis
Police Department; Christopher Tuma,
acting in his individual capacity as an
Officer of the Minneapolis Police
Department; Matthew Vana, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Gregory
Wenzel, acting in his individual capacity as
an Officer of the Minneapolis Police
Department; David Wilson, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Patrick
Windus, acting in his individual capacity as
an Officer of the Minneapolis Police
Department; Mark Wisocki, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Steve
Wuorinen, acting in his individual capacity
as an Officer of the Minneapolis Police
Department; Jeffrey York, acting in his
individual capacity as an Officer of the
Minneapolis Police Department; Bryan
Anderson, acting in his individual capacity
as an Officer of the Roseville Police
Department; Maia Gardner, acting in her
individual capacity as an Officer of the
Roseville Police Department; Dennis Kim,
acting in his individual capacity as an
Officer of the Roseville Police Department;
Michael Parkos, acting in his individual
capacity as an Officer of the Roseville
Police Department; Thomas Roth, acting in
his individual capacity as an Officer of the
Roseville Police Department; Matthew
Koncar, acting in his individual capacity as
an Officer of the St. Paul Police
Department; Joshua Lynaugh, acting in his
individual capacity as an Officer of the St.
Paul Police Department; Tong Yang, acting
in his individual capacity as an Officer of
the St. Paul Police Department; Charles
Luedtke, acting in his individual capacity
as an Officer of the Veteran Affairs Police

Department – Minneapolis; John and Jane
Does (1-1000), acting in their individual
capacity as supervisors, officers, deputies,
staff, investigators, employees or agents of
the other governmental agencies; Entity
Does (1-50), including cities, counties,
municipalities, and other entities sited in
Minnesota,

Defendants.

---

Jeffrey M. Montpetit, Esq., Marcia K. Miller, Esq., and Susan M. Holden, Esq.,
SiebenCarey, P.A.; and Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., and
Jonathan A. Strauss, Esq., Sapientia Law Group PLLC; counsel for Plaintiff.

Bryan D. Frantz, Jason J. Stover, and Jonathan C. Audette, Assistant County Attorneys,
Anoka County Attorney's Office, counsel for Defendants Anoka County, James Psyck,
and Travis Wold.

Brian Scott Carter and George H. Norris, Assistant City Attorneys, Minneapolis City
Attorney's Office, counsel for Defendants City of Minneapolis, Philip Alejandrino, Gilles
Antaya, Troy Carlson, Brian Cummings, Christopher Cushenbery, Mark Durand, Andrew
Enriquez, Carlos Baires Escobar, Eric Faulconer, Scott Grabowski, Dennis Hamilton,
Richard Hand, Joseph Haspert, Anna Hedberg, Thomas Hendrickson, Roland Hillstrom,
David Honican, Christopher House, Robert Illestschko, Kurt Indehar, Bruce Johnson,
Heather Jorges, Kristopher Kramer, Robert Krebs, Dennis Kreft, Jennifer Lazarchic, Alan
Liotta, Thomas Lopez, Timothy Mattson, Matthew McLean, Johnny Mercil, Sherral
Millar, Jamiel Mohammud, Beth Mota, Blake Moua, David Neil, George Peltz, Lucas
Peterson, Michael Pfaff, Patrick Reuben, Bryce Robinson, Antonio SanRoman, Todd
Sauvageau, Jarrod Silva, John Staufenberg, Christopher Tuma, Matthew Vana, Gregory
Wenzel, David Wilson, Patrick Windus, Mark Wisocki, Steve Wuorinen, and Jeffrey
York.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., and Susan M. Tindal, Esq., Iverson
Reuvers Condon, counsel for Defendants City of Coon Rapids, City of Roseville, Taylor
Arneson, Paul Frakie, Jarrod H. Guy, Bryan Anderson, Maia Gardner, Dennis Kim,
Michael Parkos, Thomas Roth, and Cameron Clark Gustafson.

Ann E. Walther, Esq., and Erik Bal, Esq., Rice, Michels & Walther, LLP, counsel for
Defendants Minneapolis Park & Recreation Board, Robert Goodsell, Keith Rowland, and
John Wurm.

Judith A. Hanson, Assistant City Attorney, St. Paul City Attorney's Office, counsel for Defendant City of St. Paul.

Joseph E. Flynn, Esq., Jardine Logan & O'Brien PLLP, counsel for Defendant Matthew Olson.

---

## INTRODUCTION

This matter is before the Court on the following motions by various individual Defendants who are members of the Minneapolis Police Department (the "Moving Defendants"[1]):  (1) Motion to Dismiss brought by Minneapolis Officers (Doc. No. 172); (2) Motion to Dismiss by Patrick Windus (Doc. No. 186); (3) Motion to Dismiss by Scott Grabowski, Richard Hand, Bruce Johnson, Kristopher Kramer, David Neil, Michael Pfaff, and Jeffrey York (Doc. No. 189); (4) Motion to Dismiss by Brian Cummings, Matthew McLean, Sherral Miller, Lucas Peterson, Gregory Wenzel, and Steve Wuorinen (Doc. No. 196); (5) Motion to Dismiss by Christopher Cushenbery, Roland Hillstrom, Dennis Kreft, and David Wilson (Doc. No. 217); (6) Motion to Dismiss by Thomas

---

[1]    The Moving Defendants include the following individuals:  Philip Alejandrino, Gilles Antaya, Troy Carlson, Mark Durand, Andrew Enriquez, Carlos Baires Escobar, Eric Faulconer, Dennis Hamilton, Joseph Haspert, Anna Hedberg, Thomas Hendrickson, David Honican, Christopher House, Robert Illestschko, Kurt Indehar, Heather Jorges, Kristopher Kramer, Robert Krebs, Jennifer Lazarchic, Alan Liotta, Johnny Mercil, Jamiel Mohammud, Beth Mota, Blake Moua, George Peltz, Patrick Reuben, Bryce Robinson, Antonio SanRoman, Todd Sauvageau, Jarrod Silva, John Staufenberg, Christopher Tuma, Matthew Vana, Mark Wisocki, Patrick Windus, Scott Grabowski, Richard Hand, Bruce Johnson, David Neil, Michael Pfaff, Jeffrey York, Brian Cummings, Matthew McLean, Sherral Miller, Lucas Peterson, Gregory Wenzel, Steve Wuorinen, Christopher Cushenbery, Roland Hillstrom, Dennis Kreft, David Wilson, Thomas Lopez, and Timothy Mattson.

Lopez (Doc. No. 222); and (7) Motion to Dismiss by Timothy Mattson (Doc. No. 224).

For the reasons set forth below, the Court grants in part and denies in part the motions to

dismiss.

## BACKGROUND

This case relates to the alleged unlawful access of Plaintiff Amy Elizabeth

Krekelberg's personal information by various government entities and their employees.

According to Krekelberg, Defendants viewed her information—contained in the

Department of Vehicle Services' motor-vehicle records database for Minnesota drivers—

in violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* ("DPPA").

A prior Order in this case, issued on November 7, 2014, contains a summary of

Krekelberg's factual allegations.  (Doc. No. 118).  The Court incorporates that summary

by reference.

Krekelberg filed her original Complaint on December 17, 2013, asserting the

following causes of action:  (1) violation of the DPPA against all Defendants;

(2) violation of 42 U.S.C. § 1983 against all Individual Defendants, including John and

Jane Does; (3) violation of 42 U.S.C. § 1983 against all Entity Defendants and Supervisor

Defendants, including John, Jane, and Entity Does; (4) violation of 42 U.S.C. § 1983

against Commissioner Defendants and Minnesota Department of Public Safety ("DPS")

Does; and (5) common law invasion of privacy against all Defendants.  (Doc. No. 1

("Compl.") ¶¶ 414-501.)

Following motions to dismiss brought by various Defendants, the Court, on

November 7, 2014, dismissed Krekelberg's § 1983 claims and invasion of privacy

claims.  (Doc. No. 118.)  The Court also dismissed Krekelberg's DPPA claims to the extent they related to lookups prior to December 17, 2009.  (*Id.*)  Thus, following the Court's Order, only Krekelberg's DPPA claims related to lookups occurring on or after December 17, 2009, remained.  (*Id.*)

On March 18, 2015, Krekelberg subpoenaed DPS, requesting production of documents identifying the individual Doe defendants who had allegedly accessed her personal information.  (Doc. No. 130 at ¶ 1.)  DPS objected to the subpoena, taking the position that DPS could not disclose the requested documents absent an order from the Court.  (*Id.* ¶¶ 3-4.)  On May 8, 2015, Krekelberg and DPS filed a stipulation regarding Krekelberg's document request (*id.*), and on May 11, 2015, the Court ordered DPS to produce the documents within fourteen days (Doc. No. 131).  On June 16, 2015, Krekelberg filed an Amended Complaint replacing individual Doe defendants with specific, named individuals, including the Moving Defendants.  (Doc. No. 137 ("Am. Compl.").)  Now, the Moving Defendants ask this Court to dismiss Krekelberg's remaining DPPA claims against them based on the statute of limitations and the doctrine of qualified immunity.

## DISCUSSION

### I.   Legal Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need

not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Standing

As a threshold matter, this Court must determine whether Krekelberg has standing to bring this lawsuit. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While the Moving Defendants have not challenged Krekelberg's standing, standing is a jurisdictional requirement that "can be raised by the court sua sponte at any time during the litigation." *Pucket v. Hot Springs Sch. Dist.*

No. 23-2, 526 F.3d 1151, 1156 (8th Cir. 2008) (internal quotation marks omitted).  To show Article III standing, a plaintiff has the burden of proving:  (1) that she suffered an "injury-in-fact," (2) that a causal connection links the injury to the challenged conduct, and (3) that a favorable decision will likely redress the injury.  *Lujan*, 504 U.S. at 560-61.  At the pleading stage, a plaintiff must "clearly . . . allege facts demonstrating" each element.  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Recently, in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), a case involving claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Supreme Court clarified that alleging a violation of a statutory right may, in some cases, be insufficient to establish the injury element of the standing test.  Like the plaintiff in *Spokeo*, Krekelberg asserts a cause of action based on an alleged statutory violation—here, the DPPA.  Accordingly, the Court considers whether Krekelberg has established the injury-in-fact element of Article III standing.

In *Spokeo*, the Supreme Court reaffirmed that the injury-in-fact element of Article III standing requires a plaintiff to allege an injury that is "concrete" as well as particular to that plaintiff.  *Spokeo*, 136 S. Ct. at 1548.  It explained that a "concrete" injury is one that "actually exist[s]," although it may be intangible.  *Id.* at 1548-49.  While "Congress may elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law," a plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.* at 1549 (quoting *Lujan*, 504 U.S. at 578 (quotations marks and brackets omitted)).  Further,

when evaluating an injury's concreteness, a court should "consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* at 1549.  In short, an injury's concreteness turns on multiple factors, including—but not limited to—whether a statute provides the plaintiff with a cause of action.

In *Potocnik v. Carlson*, Civ. No. 13-2093, 2016 WL 3919950, at *3 (D. Minn. July 15, 2016), a judge in this District held that a plaintiff asserting DPPA claims had Article III standing under *Spokeo*.  Relying on the Supreme Court's explanation of concreteness, the court explained that viewing private information without lawful authority—which the DPPA prohibits—"has a close relationship to invasion of the right to privacy, a harm that has long provided a basis for tort actions in the English and American courts." *Potocnik*, 2016 WL 3919950, at *2.  Moreover, the plaintiff alleged that she suffered emotional distress as a result of the defendants' statutory violations, and, the court explained, emotional distress is an injury sufficient to satisfy the injury-in-fact requirement. *Id.* at *3.

The Court agrees with the analysis in *Potocnik* and applies it to this case. Krekelberg, like the plaintiff in *Potocnik*, alleges that Defendants violated the DPPA by accessing her private information from the motor-vehicle records database, and that Krekelberg experienced emotional distress as a result.  As such, the Court finds that Krekelberg has alleged a concrete injury sufficient to establish Article III standing under *Spokeo*.

## III.     Relation Back of Krekelberg's Amended Complaint

The Moving Defendants assert that all but a handful of Krekelberg's DPPA claims against them are time-barred because Krekelberg's Amended Complaint does not relate back to the date of her original Complaint.  As the Court explained in its November 7, 2014 Order in this case, DPPA claims are subject to the general four-year statute of limitations provided by 28 U.S.C. § 1658(a), which begins to run when the alleged violations occur, rather than when a plaintiff discovers them.  *See McDonough v. Anoka Cty.*, 799 F.3d 931, 939-43 (8th Cir. 2015); *Mallak v. Aitkin Cty.*, 9 F. Supp. 3d 1046, 1052-55  (D. Minn. 2014).  Because Krekelberg's Amended Complaint was filed on June 16, 2015, her DPPA claims against the Moving Defendants that relate to lookups conducted prior to June 16, 2011, are time-barred unless her Amended Complaint relates back to her original Complaint.

Federal Rule of Civil Procedure 15(c) governs whether an amended pleading relates back to the date of an original pleading.  Fed. R. Civ. P. 15(c); *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).  It provides, in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when: . . .
>
> (B)     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C)     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i)      received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii)     knew or should have known that the action would have been brought against it, *but for a mistake* concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added). In this case, the parties dispute whether the "but for a mistake" requirement—contained in Rule 15(c)(1)(C)(ii)—has been met. Specifically, the Moving Defendants argue that Krekelberg's naming of Doe defendants did not result from a "mistake" within the scope of the Rule.

According to the Supreme Court, a mistake under Rule 15(c)(1)(C)(ii) "is an error, misconception, or misunderstanding; an erroneous belief." *Krupski*, 560 U.S. at 548 (quotation marks and brackets omitted). In support of this definition, the Supreme Court cited *Webster's Third New International Dictionary* (2002), which defined "mistake" as, among other things, "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." *Id.* at 548-49.

While the Supreme Court has not considered whether Rule 15(c) allows relation back in the context of amendments to replace unknown or Doe defendants, the First, Second, Fourth, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits have held that a plaintiff's lack of knowledge of a party's identity is not a mistake.[2] *See, e.g.*, *Wilson v.*

---

[2]    As Krekelberg points out, the Third Circuit has taken the opposite view. *See Singletary v. Pa. Dep't of Corrections*, 266 F.3d 186, 200-02 & nn.4-5 (3d Cir. 2001) (explaining that "lack of knowledge of a particular defendant's identity can be a mistake" and finding contrary rule to be "highly problematic"); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d Cir. 2006) ("A 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description."); *Varlack, v. SWC Caribbean, Inc.*, 550 (Footnote Continued on Next Page)

*U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994); *Barrow v. Wethersfield Police Dep't*, 66

F.3d 466, 469-70 (2d Cir. 1996) (as modified); *Locklear v. Bergman & Beving AB*, 457

F.3d 363, 368 (4th Cir. 2006); *Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir.

1998); *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008); *Worthington v.

Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Garrett v. Fleming*, 362 F.3d 692, 696-97

(10th Cir. 2004); *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999), *overruled on

other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 & n.52 (11th Cir. 2003).  Under

this rule, an amendment that specifically names defendants previously identified as Does

does not relate back under Rule 15(c).  *See, e.g.*, *Garrett*, 362 F.3d at 696-97; *Jacobsen*,

133 F.3d at 320-22; *Barrow*, 66 F.3d at 469-70.

Indeed, although the Eighth Circuit has not decided the issue,[3] two judges in this

District have recently held that an amendment substituting the name of a real person for a

---

(Footnote Continued From Previous Page)
F.2d 171, 174-75 (3d Cir. 1977) (holding that plaintiff's amended complaint naming defendant previously identified as "unknown" related back under Rule 15(c)); *see also Jones v. Young*, Civ. No. 04-257, 2007 WL 2695621, at *5 (E.D. Ark. Sept. 10, 2007) (permitting relation back where applicable state law authorized use of Doe pleadings); *Byrd v. Abate*, 964 F. Supp. 140, 145-46 (S.D.N.Y. 1997) (as amended) (permitting relation back where defendant resisted plaintiff's efforts to identify Doe defendant); *Ames v. Vavreck*, 356 F. Supp. 931, 942 (D. Minn. 1973) (permitting relation back where Doe defendants had notice prior to running of statute of limitations).  As explained in the text, however, the Court declines to adopt the Third Circuit's minority rule.

[3]     The Moving Defendants refer the Court to *Foulk v. Charrier*, 262 F.3d 687(8th Cir. 2011).  In that case, the Eighth Circuit noted that an amended complaint identifying a defendant by name will not ordinarily relate back to a previously filed complaint against a Doe defendant unless the requirements of Rule 15(c) are satisfied.  *Foulk*, 262 F.3d at 696.  Here, the fact that Rule 15(c)'s requirements must be satisfied is not in dispute.  As
(Footnote Continued on Next Page)

Doe defendant does not relate back under Rule 15(c). *Potocnik*, 2016 WL 3919950,

at *5; *Heglund v. Aitkin Cty.*, Civ. No. 14-296, 2016 WL 3093381, at *6 (D. Minn.

June 1, 2016). *Potocnik* and *Heglund* involve similar facts. In each case, a plaintiff sued

under the DPPA, alleging that various government employees unlawfully accessed the

plaintiff's personal information from the motor-vehicle records database. *Potocnik*, 2016

WL 3919950, at *1; *Heglund*, 2016 WL 3093381, at *1. Further, in each case, the

plaintiff used Does in place of unknown individuals in the original complaint and

subsequently, upon learning the identities of the previously unknown individuals, filed an

amended complaint replacing the Does with specific individuals. *Potocnik*, 2016

WL 3919950, at *3; *Heglund*, 2016 WL 3093381, at *1, 3.

In these circumstances, both *Potocnik* and *Heglund* found that the plaintiffs' use of

Doe defendants did not constitute a mistake under Rule 15(c)(1)(C)(ii). *Potocnik*, 2016

WL 3919950, at *5; *Heglund*, 2016 WL 3093381, at *6. Relying on the Supreme Court's

definition of mistake in *Krupski*, the *Potocnik* court explained:

> [A] plaintiff who sues a John Doe defendant does not do so because of an
> error, misconception, misunderstanding, or erroneous belief. Nor has she
> committed a "wrong" action on account of inadequate knowledge. [W]hen
> [the plaintiff] sued hundreds of John and Jane Doe defendants, she was not
> doing so because she believed that hundreds of people named John Doe or
> Jane Doe had unlawfully accessed her . . . information. Instead, she sued
> hundreds of defendants under fictitious names because she did not *know*
> who had unlawfully accessed her . . . information—and, by using fictitious
> names, [the plaintiff] was accurately communicating that fact. This is not a
> "mistake" . . . .

_____

(Footnote Continued From Previous Page)
such, *Foulk* provides little, if any, persuasive value. *See Potocnik*, 2016 WL 3919950,
at *3 n.3.

*Potocnik*, 2016 WL 3919950, at *5; *see also Heglund*, 2016 WL 3093381, at *4 ("[A]

plaintiff's naming of a Doe defendant is not a mistake . . . . Rather, a plaintiff names a

Doe defendant because the plaintiff does not yet know the identity of the defendant; it is a

placeholder.").  The Court agrees with the reasoning in *Potocnik* and *Heglund*.

Here, as in *Potocnik* and *Heglund*, Krekelberg's naming of John and Jane Doe

defendants was not a mistake under Rule 15(c)(1)(C)(ii).  Krekelberg agrees that she used

Doe defendants in her original Complaint because she was unable to identify all of the

individuals who accessed her personal information.  (*See* Doc. No. 133; Doc. No. 192

at 6.)  Indeed, she does not claim that she *mistakenly* believed that individuals other than

those named in the Amended Complaint were the proper defendants; rather, she asserts

that she lacked the knowledge necessary to name the individual defendants.  (*See* Doc.

No. 133; Doc. No. 192 at 6.)  Because, as discussed above, the weight of authority holds

that lack of knowledge does not constitute a mistake, the Court concludes that Krekelberg

has not met the "but for a mistake" requirement of Rule 15(c)(1)(C)(ii).  Accordingly,

Krekelberg's Amended Complaint cannot relate back to the date of her original

Complaint.

Because Krekelberg's Amended Complaint does not relate back under Rule 15(c),

the statute of limitations bars claims against the Moving Defendants regarding lookups

that occurred before June 16, 2011, four years before the filing of the Amended

Complaint on June 16, 2015.  Based on the records attached to the Amended Complaint,

only three of the Moving Defendants conducted lookups on or after June 16, 2011:

Heather Jorges, Patrick Windus, and Matthew McClean.  (Am. Compl. ¶¶ 3-10, Exs. A-C.)  Accordingly, the Court will dismiss the remaining Moving Defendants from this lawsuit.

## IV.    Equitable Estoppel

In a footnote, Krekelberg argues that even if her Amended Complaint does not relate back, the doctrine of equitable estoppel should prevent the running of the statute of limitations in this case.  Krekelberg cites *Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1013 (8th Cir. 1992), which explains that a defendant may be equitably estopped from relying on a statute of limitations "if that defendant contributed to confusion about who the proper defendant was."  *See also Bechtel v. Robinson*, 886 F.2d 644, 650 (3d Cir. 1989) (holding that defendant was equitably estopped from pleading statute of limitations defense where defendant misled plaintiffs as to proper party to sue); Charles Alan Wright, et al., 6A Federal Practice and Procedure § 1500 (3d ed.) (updated Apr. 2016) ("If the originally named defendant or the party sought to be added either knowingly allows plaintiff to think plaintiff has sued the proper party or actually misleads plaintiff as to the identity of the party that should be held responsible, the new defendant will be estopped from asserting a statute-of-limitations defense.").

Here, Krekelberg argues that the entity defendants prevented her from knowing the proper individual defendants by refusing to identify individuals who accessed Krekelberg's information and by filing time-consuming motions.  (Doc. No. 192 at 14.) However, the Moving Defendants, all members of the Minneapolis Police Department, point out that on March 20, 2015, the City of Minneapolis identified individual officers,

including the Moving Defendants, in timely response to Krekelberg's discovery requests. (*See* Doc. No. 178 at ¶ 3, Ex. A.)  Further, the parties stipulated that it was DPS—not the City of Minneapolis or the Moving Defendants—that declined to release the identities of Doe defendants in response to Krekelberg's subpoena.  (Doc. No. 130.)  DPS, moreover, produced the requested information after the parties filed a stipulation and the Court issued an Order.  (*See* Doc. Nos. 130, 131, 133.)  Because Krekelberg does not allege that the City of Minneapolis or the Moving Defendants engaged in dishonest or unlawful conduct that prevented her from identifying the Moving Defendants, equitable estoppel does not bar the Moving Defendants from relying on the statute of limitations.  *See, e.g.*, *Potocnik*, 2016 WL 3919950, at *5 (finding no basis for estoppel, and granting summary judgment to defendants, where defendants did not engage in dishonest or unlawful conduct that prevented plaintiff from bringing timely claims); *Garcia v. Peter Carlton Enters., Ltd.*, 717 F. Supp. 1321, 1326-27 (N.D. Ill. 1989) (finding no basis for estoppel, and granting defendant's motion to dismiss, where defendant did not mislead plaintiff regarding proper defendant).

## V.      Qualified Immunity

The Moving Defendants also assert that they are entitled to qualified immunity, because, they claim, the DPPA does not clearly establish that viewing information in the motor-vehicle records database is equivalent to "obtain[ing]" data in violation of the DPPA.  *See* 18 U.S.C. § 2722(a).  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Eighth Circuit, however, has already rejected the Moving Defendants' position. *See McDonough*, 799 F.3d at 944 & n.6 (rejecting argument that qualified immunity applies because the meaning of "obtain" in the DPPA is unclear).

As noted in its November 7, 2014 Order, the Court acknowledges that some Defendants may be able to establish that they are entitled to qualified immunity as the case proceeds. *See Mallak*, 9 F. Supp. 3d at 1063-64. The Court, however, cannot conclude that any Defendants are entitled to qualified immunity at this stage.

## VI.     Triggering of the Statute of Limitations

Finally, Krekelberg argues that her *discovery* of Defendants' alleged DPPA violations, rather than the *occurrence* of the alleged violations, should trigger the statute of limitations. As noted above, the Eighth Circuit and this Court have both rejected this argument. *See McDonough*, 799 F.3d at 939-43; *Mallak*, 9 F. Supp. 3d at 1052-55. Following *McDonough*, the Court applies the "occurrence rule," under which Krekelberg's causes of action accrued—and the statute of limitations began to run— when the allegedly impermissible lookups occurred. As such, Krekelberg's argument fails.

## CONCLUSION

Notwithstanding the Supreme Court's recent ruling in *Spokeo*, Krekelberg has Article III standing to bring her DPPA claims in this lawsuit. Still, the four-year statute of limitations, under 28 U.S.C. § 1658(a), bars many of Krekelberg's DPPA claims,

because her Amended Complaint does not relate back to the date of her original

Complaint under Rule 15(c).  Specifically, using Doe defendants does not constitute a

mistake, as required for relation back under Rule 15(c)(1)(C)(ii).  Accordingly,

Krekelberg's DPPA claims against the Moving Defendants are barred to the extent they

are based on lookups that occurred before June 16, 2011.

      Despite this conclusion, the Court recognizes that a broader reading of "mistake"

would be fairer to a plaintiff, like Krekelberg, who uses Doe defendants because the

identities of such defendants are not in her possession and must be obtained through

discovery.  Indeed, as the Third Circuit acknowledged, if plaintiffs are not allowed to

relate back their amended Doe complaints, "then the statute of limitations period for these

plaintiffs is effectively substantially shorter than it is for other plaintiffs who bring the

exact same claim but who know the names of their assailants"—and for no principled

reason. *Singletary*, 266 F.3d at 201-02 n.5.  In addition, in the Court's view, government

entities have a responsibility to work with plaintiffs who have claims against unknown

government employees, so that these plaintiffs have a fair opportunity to file timely

lawsuits.  Still, the Court follows the majority rule—adopted by the First, Second, Fourth,

Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits, as well as by judges in this District in

*Potocnik* and *Heglund*—and concludes that a plaintiff's lack of knowledge of a party's

identity is not a "mistake concerning the proper party's identity" and thus an amended

complaint does not relate back when it names a defendant previously identified as Doe.

      Last, the Court rejects the parties' remaining arguments.  The doctrine of equitable

estoppel does not prevent the Moving Defendants from relying on the statute of

limitations where Krekelberg does not allege that the City of Minneapolis or the Moving

Defendants engaged in dishonest or unlawful conduct that prevented her from learning

the identities of the Moving Defendants.  Further, in light of Eighth Circuit precedent, the

Moving Defendants are not entitled to qualified immunity, and Krekelberg's DPPA

claims accrued when the allegedly impermissible lookups occurred, not when Krekelberg

discovered them.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED**

that:

1.      The Moving Defendants' Motions to Dismiss (Doc. Nos. [172], [186],

[189], [196], [217], [222], and [224]) are **GRANTED IN PART AND DENIED IN**

**PART** as follows:

a.      The Motions are **GRANTED** with respect to DPPA claims

against the Moving Defendants that relate to lookups that occurred before

June 16, 2011.  Such claims are **DISMISSED WITH PREJUDICE**.

b.      In light of 1(a), above, the following Defendants are

**DISMISSED** from this lawsuit:  Philip Alejandrino, Gilles Antaya, Troy

Carlson, Mark Durand, Andrew Enriquez, Carlos Baires Escobar, Eric

Faulconer, Dennis Hamilton, Joseph Haspert, Anna Hedberg, Thomas

Hendrickson, David Honican, Christopher House, Robert Illestschko, Kurt

Indehar, Kristopher Kramer, Robert Krebs, Jennifer Lazarchic, Alan Liotta,

Johnny Mercil, Jamiel Mohammud, Beth Mota, Blake Moua, George Peltz,

Patrick Reuben, Bryce Robinson, Antonio SanRoman, Todd Sauvageau, Jarrod Silva, John Staufenberg, Christopher Tuma, Matthew Vana, Mark Wisocki, Scott Grabowski, Richard Hand, Bruce Johnson, David Neil, Michael Pfaff, Jeffrey York, Brian Cummings, Sherral Miller, Lucas Peterson, Gregory Wenzel, Steve Wuorinen, Christopher Cushenbery, Roland Hillstrom, Dennis Kreft, David Wilson, Thomas Lopez, and Timothy Mattson.

     c.     The following Defendants remain in this lawsuit:  Anoka County, City of Coon Rapids, City of Minneapolis, Minneapolis Park & Recreation Board, City of Roseville, City of St. Paul, James Psyck, Travis Wold, Taylor Arneson, Paul Frakie, Jarrod H. Guy, Robert Goodsell, Keith Rowland, Mark Swanson, John Wurm, Tyrone Barze, Aaron Collins, David Elliott, Mark Gasior, Daniel Horn, Oscar Macias, Matthew Olson, Bryan Anderson, Maia Gardner, Dennis Kim, Michael Parkos, Thomas Roth, Matthew Koncar, Joshua Lynaugh, Tong Yang, Charles Luedtke, Cameron Clark Gustafson, Heather Jorges, Patrick Windus, and Matthew McLean.

     d.     The Motions are **DENIED** in all other respects.


Dated:  August 19, 2016          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge