# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Amy E. Krekelberg,　　　　　　　　　　　　　　Civil No. 13-3562 (DWF/TNL)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Anoka County, et al.,

　　　　　　Defendants.

This matter came before the Court for a pretrial hearing on May 22, 2019. At the pretrial hearing, the Court heard, among other things, the parties' respective motions *in limine*. Based upon the memoranda, pleadings, and arguments of counsel, and for the reasons explained during the hearing, the Court hereby enters the following:

## ORDER

1.　Defendants' Motion *in Limine* No. 1 to Exclude Testimony of Plaintiff's Expert Michael Quinn (Doc. No. [579]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

　　a.　The motion is **GRANTED** to the extent that Michael Quinn intends to give legal conclusions and render opinions regarding whether access of the DVS records of Amy Elizabeth Krekelberg by the City of Minneapolis as listed in the Amended Complaint, acting in their individual capacity as employees of law enforcement agencies, was consistent with law enforcement purposes. Such testimony is presumptively inadmissible.

b. The motion is **GRANTED** to the extent that Michael Quinn intends to give an opinion as to "why would officers break the law regarding the Driver's Privacy Protection Act of 1994." Such testimony is presumptively inadmissible.

c. The motion is **GRANTED** to the extent that Michael Quinn intends to give opinions as to what particular damages, including reputational damage and stigma, typically occur due to an accusation of misconduct by one police officer against another or multiple other police officers; a suit against other officers, with the lodging of false claims by other officers against the one making an accusation of misconduct; and how does the reputational damage and/or stigma affect the ability of the officer making the accusation of misconduct to work as a law enforcement officer. Such testimony is presumptively inadmissible.

d. The motion is **GRANTED** to the extent that Michael Quinn intends to give opinions as to what impact the gender of an officer making the accusation has on the reputational damage, stigma, or ability to work in law enforcement in the future. Such testimony is presumptively inadmissible.

e. The motion is **GRANTED** to the extent that Michael Quinn intends to give testimony offering opinions on the credibility of the officers. Such testimony is presumptively inadmissible.

  f. The motion is **GRANTED** to the extent that Michael Quinn intends to give opinions regarding the ethics of law enforcement officers.

  g. Defendants' Motion *in Limine* to Exclude Testimony of Michael Quinn (Doc. No. [579]) is **DENIED** as follows:

    i. On the record before the Court, and assuming proper foundation is laid, subject to objections during the trial, the testimony of Michael Quinn as to when law enforcement officers of the Minneapolis Police Department reasonably knew that accessing the DVS database for non-law enforcement purposes violated federal law shall be presumptively admissible.

    ii. On the record before the Court, and assuming proper foundation is laid, subject to objections during the trial, the testimony of Michael Quinn on the impact on the police culture of the so-called Code of Silence and the organizational structure and practices of law enforcement agencies, including the Minneapolis Police Department, shall be presumptively admissible.

This decision of the Court is made pursuant to Articles 4 and 7 of the Federal Rules of Evidence.

2. Defendants' Motion *in Limine* No. 2 to Exclude Testimony and Evidence of Untimely or Unrelated Accesses (Doc. No. [582]) is **DENIED**. This evidence is

sufficiently intrinsic and is presumptively admissible under Rules 403 and 404, as the probative value is not substantially outweighed by the danger of unfair prejudice. This evidence will be admissible subject to proper cautionary instructions given to the jury. Consistent with the Court's remarks during the pretrial, the Court finds that this evidence is relevant to the state of mind, intent, knowledge, and lack of mistake or accident by each officer involved and does not constitute propensity evidence. Moreover, the time-barred accesses of Plaintiff's information are relevant to actual damages and provide important context to the circumstances under which the accesses occurred. Consequently, they survive the Court's Article 4 analysis and are viewed as intrinsic evidence or, alternatively, even if deemed extrinsic evidence pursuant to Rule 404 which, in that case, the Court finds the conduct similar in kind and not remote. As shown by the evidence, the probative value is not substantially outweighed by the prejudice. The accesses are relevant to the issues in the case. As noted above, the Court reserves the right to give a limiting instruction for aspects of this testimony.

3. Defendants' Motion *in Limine* No. 3 to Exclude Reference to Other DPPA Litigation (Doc. No. [588]) is **GRANTED**. The Court concludes that this evidence shall be presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403. The Court reserves the right to revisit and address this issue outside the presence of the jury, if either party "opens the door."

4. Defendants' Motion *in Limine* No. 4 to Exclude DVS Business Partner Agreements and DVS Policies (Doc. No. [591]) is **DENIED**. This evidence shall be presumptively admissible. This evidence survives the Court's Article 4 analysis.

However, the Court does reserve the right to revisit this issue at trial outside the presence of the jury, if raised by either party, with or without limiting instructions based upon objections made during the trial.

5. Defendants' Motion *in Limine* No. 5 to Limit or Otherwise Rule that Defendant Minneapolis Police Department is Not Vicariously Liable (Doc. No. [594]) is **DENIED**. Consistent with the Court's remarks during the pretrial, the Court concludes that vicarious liability has been established as a matter of law. Further, the Court maintains that the statute-of-limitations dismissals of certain claims do not preclude Plaintiff's vicarious liability claims, consistent with its previous ruling in the Memorandum Opinion and Order dated June 21, 2018 (Doc. No. 527 at 10).

6. Defendants' Motion *in Limine* No. 6 to Limit Plaintiff's "Garden Variety" Emotional Distress Damages (Doc. No. [596]) is **DENIED** to the extent that the Plaintiff will be permitted to testify as to the feelings she is experiencing describing her mental and emotional state even if they would be deemed significant and severe such as depression, chronic fatigue, irritability, insomnia, tiredness, crying, just to name a few examples. Such testimony shall be presumptively admissible subject to any objections made during the trial. The Court concludes that the testimony survives the Court's analysis pursuant to Article 4 and Rule 701.

7. Defendants' Motion *in Limine* No. 7 (Doc. No. [599]) and Motion i*n Limine* No. 11 (Doc. No. [613]) to Exclude Evidence and Testimony Relating to Allegations of Retaliation, Discrimination, and Harassment are **DENIED**.

On the record before the Court, and assuming proper foundation is laid subject to objections during the trial, this testimony goes to the issue of damages, including both the context and environment within which the conduct occurred and the environment within which the Plaintiff responded and learned of the accesses. It will be for the jury to decide the relationship between this environment and how it relates to proximate cause and the emotional distress alleged by the Plaintiff. This decision of the Court survives the Court's Article 4 analysis.

8. Defendants' Motion *in Limine* No. 8 to Exclude References to Liquidated Damages (Doc. No. [605]) is **GRANTED** for the reasons stated during the Pretrial. While this information will not be provided to the jury, the Court notes that liquidated damages in the amount of $2,500 per violation is appropriate in this case. In addition, in the absence of evidence to the contrary, the Court will view sequential accesses occurring close in time (i.e., within a several-minute time span) as one obtainment or violation, consistent with its previous ruling in the Memorandum Opinion and Order dated June 21, 2018 (Doc. No. 527 at 15 n.4.) In light of the Court's ruling, there shall be no mention of the statute of limitations or the settlement of any other DPPA case.

9. With respect to Defendants' Motion *in Limine* No. 9 to Exclude the Legislative Auditor's Report (Doc. No. [607]), the Court defers ruling on Defendants' motion and respectfully instructs the parties to:

    a. Meet and confer to determine which portion or portions of the disputed Legislative Audit Report addressed concerns of privacy and importance of preserving private information; and

b. On or before June 5, 2019, submit either an agreed upon proposal for a redaction of the Legislative Audit Report and a proposed limiting instruction or, if unable to reach an agreement, submit separate proposals.

10. Defendants' Motion *in Limine* No. 10 to Exclude Golden Rule Arguments (Doc. No. [610]) is **DENIED** to the extent that both parties have agreed not to make any "golden rule" arguments.

11. Defendants' Motion *in Limine* No. 12 to Exclude Evidence of Internal Affairs Investigations (Doc. No. [615]) is **GRANTED** in part and **DENIED** in part.

a. The motion is **GRANTED** to the extent that evidence of accesses and proceedings connected to accesses of information belonging to parties other than Plaintiff is presumptively inadmissible.

b. The motion is **DENIED** to the extent that evidence of accesses of Plaintiff's information is presumptively admissible. On the record before the Court and assuming proper foundation is laid subject to objections during the trial, such evidence goes to the issue of damages. This decision of the Court survives the Court's Article 4 analysis.

12. Plaintiff's Motion *in Limine* to Exclude All Evidence of Social Media, Internet, and Public Records (Doc. No. [584]) is **GRANTED**. The Court concludes that this evidence is presumptively inadmissible on Rule 403 grounds. Any probative value related to damages is substantially outweighed by unfair prejudice to Plaintiff and the

potential to confuse the jury. Should the door be opened at trial, the Court will entertain the admission of such evidence at that time.

13. Plaintiff's Motion *in Limine* to Exclude All Evidence of Plaintiff's Financial Information, Salary, Benefits, and Property Value (Doc. No. [587]) is **GRANTED**. The Court concludes that this evidence is presumptively inadmissible on Rule 403 grounds. Any probative value related to damages is substantially outweighed by unfair prejudice to Plaintiff and the potential to confuse the jury. Should the door be opened at trial, the Court will entertain the admission of such evidence at that time.

14. Plaintiff's Motion to De-Designate Confidential Records (Doc. No. [603]) is **GRANTED** but will be applied on a document-to-document basis.

15. Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Sexual Conduct (Doc. No. [609]) is **GRANTED**. This evidence is presumptively inadmissible unless and until the relevance of such evidence is made clear to the Court. The Court will entertain a motion to introduce such evidence, should it become appropriate based on testimony received at trial.

16. Plaintiff's Motion *in Limine* to Exclude Any Evidence Regarding the Current DVS System and Changes to the DVS System after August 23, 2012 (Doc. No. [621]) is **GRANTED**. Any reference to the changes in the system after August 23, 2012, shall be presumptively inadmissible under Rule 403. The Court, however, will entertain a motion to introduce such evidence should it become appropriate based on testimony received at trial.

17. Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Interactions With Counsel (Doc. No. [623]) is **GRANTED** as to the content of any conversations between Plaintiff and her counsel . However, the Court may allow inquiry into the fact of contact and the timing of such contact, depending on the testimony received at trial.

Dated: May 24, 2019  s/Donovan W. Frank
　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　United States District Judge