# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Amy E. Krekelberg,                            Civil No. 13-3562 (DWF/TNL)

       Plaintiff,

v.                                                         **ORDER**

City of Minneapolis, et al.,

       Defendants.

This matter came before the Court for a pretrial hearing on June 1, 2022. At the pretrial hearing, the Court heard, among other things, the parties' respective motions *in limine*. Based upon the memoranda, pleadings, and arguments of counsel, and for the reasons explained during the hearing, the Court hereby enters the following:

### ORDER

1. Plaintiff's Motion *in Limine* to Exclude Any Evidence Regarding the Current DVS System and Changes to the DVS System After August 23, 2012 (Doc. No. [804]) is **GRANTED**. Any reference to the changes in the system after August 23, 2012, shall be presumptively inadmissible under Rule 403. The Court, however, will entertain a motion to introduce such evidence should it become appropriate based on testimony received at trial.

2. Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Interactions with Counsel (Doc. No. [806]) is **GRANTED** as to the content of any conversations

between Plaintiff and her counsel. However, the Court may allow inquiry into the fact of contact and the timing of such contact, depending on the testimony received at trial.

3.   Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Sexual Conduct (Doc. No. [808]) is **GRANTED**. This evidence is presumptively inadmissible unless and until the relevance of such evidence is made clear to the Court. The Court will entertain a motion to introduce such evidence, should it become appropriate based on testimony received at trial.

4.   Plaintiff's Motion *in Limine* to Exclude All Evidence of Plaintiff's Financial Information, Salary, Benefits, and Property Value (Doc. No. [810]) is **GRANTED**. The Court concludes that this evidence is presumptively inadmissible on Rule 403 grounds. Any probative value related to damages is substantially outweighed by unfair prejudice to Plaintiff and the potential to confuse the jury. Should the door be opened at trial, the Court will entertain the admission of such evidence at that time.

5.   Plaintiff's Motion *in Limine* to Exclude Evidence of Social Media, Internet, and Public Records (Doc. No. [813]) is **GRANTED**. The Court concludes that this evidence is presumptively inadmissible on Rule 403 grounds. Any probative value related to damages is substantially outweighed by unfair prejudice to Plaintiff and the potential to confuse the jury. Should the door be opened at trial, the Court will entertain the admission of such evidence at that time.

Consistent with the Court's comments from the bench at the pretrial hearing, Exhibit 236 shall be admissible with the caveat that there shall be no reference to a prior hearing or trial.

6. Defendants' Motion *in Limine* No. 1: To Exclude Testimony of Michael Quinn (Doc. No. [816]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion is **DENIED** as follows:

   i. On the record before the Court, and assuming proper foundation is laid, subject to objections during the trial, the testimony of Michael Quinn as to when law enforcement officers of the Minneapolis Police Department reasonably knew that accessing the DVS database for non-law enforcement purposes violated federal law shall be presumptively admissible to the limited extent that such evidence relates to one of the 74 impermissible accesses. Such evidence is relevant to the issue of punitive damages.

   ii. On the record before the Court, and assuming proper foundation is laid, subject to objections during the trial, the testimony of Michael Quinn on the impact on the police culture of the so-called Code of Silence and the organizational structure and practices of law enforcement agencies, including the Minneapolis Police Department, shall be presumptively admissible to the limited extent that such evidence relates to the state of mind of an officer accessing Plaintiff's information at the time of one of the 74 impermissible accesses. However, any other testimony on a Code of Silence that relates to accesses beyond this limited purview will be presumptively inadmissible.

      b.      Except for the limited areas of testimony discussed above, the motion is **GRANTED**.

This decision of the Court is made pursuant to Articles 4 and 7 of the Federal Rules of Evidence.

    7.      Defendants' Motion *in Limine* No. 2 to Exclude Testimony and Evidence of Untimely or Unrelated Accesses (Doc. No. [840]) is **GRANTED IN PART** and **DENIED IN PART** as follows:  To the extent that the testimony and evidence relates to the state of mind of an officer accessing Plaintiff's information at the time of one of the 74 impermissible accesses, it is presumptively admissible.  However, to the extent that such testimony or evidence relates to accesses beyond this limited purview, it will be presumptively inadmissible.

    8.      Defendants' Motion *in Limine* No. 3:  To Exclude Reference to Other DPPA Litigation (Doc. No. [819]) is **GRANTED**.  The Court concludes that this evidence shall be presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.  The Court reserves the right to revisit and address this issue outside the presence of the jury, if either party "opens the door."

    9.      Defendants' Motion *in Limine* No. 4 to Exclude DVS Business Partner Agreements and DVS Policies (Doc. No. [842]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      The motion is **DENIED** to the limited extent that such evidence relates to punitive damages and, in particular, the state of mind and knowledge of Young and Olson at the time of or prior to the accesses of Plaintiff's information.

   b. Except for the limited areas of testimony discussed above, this evidence shall be presumptively inadmissible as it does not survive the Court's Article 4 analysis.

 10. Defendants' Motion *in Limine* No. 5:  Vicarious Liability (Doc. No. [821]) is **DENIED**.  Consistent with the Court's remarks during the pretrial and the Court's prior ruling, the Court concludes that vicarious liability has been established as a matter of law.  Further, the Court maintains that the statute-of-limitations dismissals of certain claims do not preclude Plaintiff's vicarious liability claims, consistent with its previous ruling in the Memorandum Opinion and Order dated June 21, 2018 (Doc. No. 527 at 10).

 11. Defendants' Motion *in Limine* No. 6:  Plaintiff is Limited to Garden Variety Emotional Distress Damages (Doc. No. [825]) is **DENIED** to the extent that, consistent with the Court's prior ruling, Plaintiff will be permitted to testify as to the feelings she is experiencing describing her mental and emotional state even if they would be deemed significant and severe such as depression, chronic fatigue, irritability, insomnia, tiredness, crying, just to name a few examples.  Such testimony shall be presumptively admissible subject to any objections made during the trial.  The Court concludes that the testimony survives the Court's analysis pursuant to Article 4 and Rule 701.

 12. Defendants' Motion *in Limine* No. 7 (Doc. No. [845]) to Exclude Evidence and Testimony Relating to Harassment, Retaliation, Failure to Investigate & Other "Bad Acts" is **GRANTED** given the opinion of the Eighth Circuit.  However, the Court reserves the right to revisit this issue at trial outside the presence of the jury, if raised on a

Rule 104 offer of proof in consideration of testimony and evidence at trial, and to the extent that any such evidence relates to punitive damages and, in particular, the state of mind and knowledge of Young and Olson at the time of or prior to the accesses of Plaintiff's information.

13. Defendants' Motion *in Limine* No. 8: Exclusion of Evidence of Liquidated Damages (Doc. No. [828]) is **GRANTED** for the reasons stated during the Pretrial Hearing and the prior trial. While this information will not be provided to the jury, the Court notes that liquidated damages in the amount of $2,500 per violation is appropriate in this case. In addition, in the absence of evidence to the contrary, the Court will view sequential accesses occurring close in time (i.e., within a several-minute time span) as one obtainment or violation, consistent with its previous ruling in the Memorandum Opinion and Order dated June 21, 2018 (Doc. No. 527 at 15 n.4.) In light of the Court's ruling, there shall be no mention of the statute of limitations or the settlement of any other DPPA case.

14. Defendants' Motion *in Limine* No. 9: Exclusion of Legislative Auditor's Report (Doc. No. [830]), is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is **DENIED** to the limited extent that the Report relates to the state of mind and knowledge of Young and Olson at the time of, or prior to, the accesses of Plaintiff's information as relevant to the issue of punitive damages.

    b. Except for the limited area of testimony discussed above, the motion is **GRANTED**.

15. Defendants' Motion *in Limine* No. 10 to Exclude Evidence of Internal Affairs Investigations (Doc. No. [848]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion is **GRANTED** to the extent that evidence of accesses and proceedings connected to accesses of information belonging to parties other than Plaintiff is presumptively inadmissible.

   b. The motion is **DENIED** to the extent that evidence of accesses and proceedings connected to accesses made by either Young or Olson of Plaintiff's information is presumptively admissible. On the record before the Court and assuming proper foundation is laid subject to objections during the trial, such evidence goes to the issue of punitive damages. This decision of the Court survives the Court's Article 4 analysis.

16. Defendants' Motion *in Limine* No. 11 to Exclude Evidence of Liability (Doc. No. [832]) is **MOOT** based on the parties' stipulation at Doc. No. 890.

17. Defendants' Motion *in Limine* No. 12 to Exclude Punitive Damages Instruction & Special Verdict Questions (Doc. No. [850]) is **DENIED**.

18. Defendants' Motion *in Limine* No. 13 to Exclude Evidence and Testimony of Damages Not a Direct Result of Defendants' 74 Accesses (Doc. No. [852]) is **GRANTED.**

19. The Court approves the parties' stipulation filed at Doc. No. [890].

Dated:  June 3, 2022                               s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge