UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy E. Krekelberg, | Civil No. 13-3562 (DWF/TNL) |
| Plaintiff, | |
| v. | CLARIFICATION ORDER REGARDING DOC. NO. 893 |
| City of Minneapolis, et al., | |
| Defendants. | |

On June 3, 2022, the Court issued a Pretrial Order. (Doc. No. 893.) On June 6, 2022, counsel for Defendants filed a letter seeking clarification on one of the Court's rulings on the parties' motions *in limine*. (Doc. No. 897.) Regrettably, before receiving clarification on that issue, counsel for Defendants sought an Emergency Petition for Writ of Mandamus on that, and two additional, rulings in the Pretrial Order. Because in the Court's view, the parties have misunderstood or misinterpreted at least a portion of the Court's order, the Court offers this clarification in an attempt to resolve any questions regarding the scope of the Court's rulings. The Court also sets a status conference at 9:00 a.m., on Thursday, June 9, 2022, in Courtroom 7C, St. Paul Courthouse before the undersigned.

First, with respect to Defendants' Motion *in Limine* No. 2 (Doc. No. 840), the Court clarifies that unless there is an access that relates specifically to Olson or Young, all other accesses are inadmissible at the time of or prior to those specific accesses (of Olson or Young).

Second, as to the remaining question regarding the 48-hour accesses associated with Olson, absent agreement of the parties, the Court will address that issue at the status conference.

Third, as to evidence on the Code of Silence, unless there is specific testimony by Quinn pointing to evidence that Olson and Young received specific training at the time of or prior to their accesses vis-a-vis training that all officers are alleged to have received during that time period, the testimony is presumptively inadmissible.

Fourth, with respect to Defendants' Motion *in Limine* No. 7 (Doc. No. 845), the Court granted the motion consistent with the opinion of the Eighth Circuit.  As with the evidence on the Code of Silence, this evidence is presumptively inadmissible unless there is specific evidence establishing that Young and Olson were each specifically trained.  Such evidence could be relevant to punitive damages because it could relate to the state of mind of Young or Olson at the time of or prior to the accesses.

Fifth, with respect to the Court's ruling on evidence of the Internal Affairs Investigation, any evidence is presumptively inadmissible unless there is any evidence that would establish specifically that Young or Olson were investigated for accesses at the time of or prior to the accesses at issue.

Sixth, with respect to the Court's ruling on the Legislative Auditor's Report, the Court clarifies that this evidence is presumptively inadmissible unless Plaintiff presents specific evidence that Young or Olson received the training.  It is not enough to show that they were officers at the time of the training.  Instead, there must be a specific showing that they received the training.

Finally, the Court continues to believe that the best interests of the parties would be served by a bench trial on this matter, noting that the Court would be obligated to make specific findings of fact and conclusions of law in addition to addressing the issue of attorney fees.

**SO ORDERED**.

Dated:  June 7, 2022                                s/Donovan W. Frank
                                                                  DONOVAN W. FRANK
                                                                  United States District Judge